**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| GURWINDER SINGH BOORA, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-26-1156-SLP |
| | ) |
| WARDEN OF THE DIAMONDBACK | ) |
| CORRECTIONAL FACILITY, et al., | ) |
| | ) |
| Respondents. | ) |

## **O R D E R**

Petitioner, Gurwinder Singh Boora, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  [Doc. No. 1].  Before the Court is the Report and Recommendation [Doc. No. 26] (R&R) of United States Magistrate Judge Suzanne Mitchell.  The Magistrate Judge recommends granting, in part, the Petition.  Respondents have filed an Objection [Doc. No. 28], to which Petitioner has responded, *see* [Doc. No. 29].  The matter is at issue.  The Court reviews de novo any portion of the R&R to which a specific objection has been made.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Review of all other issues addressed by the Magistrate Judge are deemed waived.  *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Having conducted that review, and for the reasons that follow, the Court ADOPTS the R&R, to the extent it analyzes Petitioner's statutory claim, and GRANTS, in part, the Petition.

## I.     <u>Background</u>

Petitioner, a citizen of India, entered the United States without inspection or admission on February 3, 2022.  That same day, Petitioner was detained by Department of Homeland Security personnel but was subsequently released on an Order of Release on Recognizance.  On February 4, 2022, Petitioner was placed by Immigration and Customs Enforcement (ICE) into removal proceedings through the issuance of a Notice to Appear and charged him with being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i).[1]  Petitioner filed an application for asylum on May 5, 2022.

On May 13, 2026, ICE re-detained Petitioner after a traffic stop conducted by Oklahoma Highway Patrol.  Petitioner has been continuously detained without bond since her arrest pursuant to the mandatory detention provisions set forth in § 1225(b)(2)(A). When Petitioner filed his Petition, he was detained at Diamondback Correctional Facility in Watonga, Oklahoma.

On May 20, 2026, Petitioner filed this action, claiming violations of the Immigration and Nationality Act and violations of his procedural and substantive due process rights under the Fifth Amendment to the United States Constitution.  Petitioner also brings claims relating to violations of the Administrative Procedures Act and his Fourth Amendment rights.  Petitioner claims that § 1225(b)(2)(A) does not apply to him and that his continued

---

[1] The original Notice to Appear was not filed with the Immigration Court, so a superseding Notice to Appear was issued on April 19, 2022, charging Petitioner as inadmissible under the same charges.

2

detention without a bond hearing violates his due process rights.  As relief, Petitioner seeks release from custody.

## II.     Discussion

The Court concurs with the Magistrate Judge's findings, to the extent the Magistrate Judge analyzes Petitioner's statutory claim, and rejects Respondents' interpretation of §§ 1226(a) and 1225(b)(2)(A).  The Magistrate Judge's findings are consistent with this Court's previous determinations that § 1226(a) governs the detention of similarly situated immigration detainees.  *Lopez v. Corecivic Cimmaron Corr. Facility*, No. CIV-25-1175-SLP, 2026 WL 165490 at *3-7 (W.D. Okla. Jan. 21, 2026); *see also Kudratov v. Siegel*, No. CIV-26-83-SLP, 2026 WL 1232387 at *2 (W.D. Okla. May 5, 2026) (rejecting the respondents' contention that the filing of an application for asylum equates to seeking admission under § 1225(b)(2)).  The Court's previous determinations are in accord with the Tenth Circuit's recent decision, *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1240 (10th Cir. 2026), holding that "§ 1225(b)(2)(A)'s application is limited to the border."  *See also id*. at 1239 ("A noncitizen . . . cannot request admission after the fact" and, "[s]o, for instance, a noncitizen who later receives . . . asylum, does not become admitted even though

3

he has lawful status.").[2]  The Court, therefore, finds that § 1226(a) governs Petitioner's detention, and he is entitled to an individualized bond hearing.[3]

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 26] is ADOPTED to the extent it finds § 1226(a) applicable to Petitioner's circumstances.

IT IS FURTHER ORDERED that the Petition [Doc. No. 1] is GRANTED IN PART.  Respondents are ORDERED to provide Petitioner with a proper bond hearing pursuant to 8 U.S.C. § 1226(a) within seven (7) days of the date of this Order, or otherwise release Petitioner if he has not received a lawful bond hearing within that period. [4]

IT IS FURTHER ORDERED that Petitioner's Motion for Leave to supplement the Record [Doc. No. 23], Petitioner's Renewed Emergency Motion for Temporary Restraining Order and Preliminary Injunction [Doc. No. 24], Petitioner's Motion for Expedited Consideration of Petitioner's Renewed Emergency Motion for Temporary Restraining Order and Preliminary Injunction [Doc. No. 25], and Petitioner's Notice of Material Post-

---

[2] Similarly, "the Second, Sixth, and Eleventh Circuits have each held that § 1225(b)(2)(A) does not apply to unadmitted noncitizens who . . . are found in the country's interior." *Id*. at *3 (citing *Barbosa da Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026); *Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Mia*., 175 F.4th 1258 (11th Cir. 2026); *but see Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498 (5th Cir. 2026); *Avila v. Bondi*, 170 F.4th 1128, 1138 (8th Cir. 2026).

[3] Petitioner requested in his Petition his release from custody.  *See* Pet. [Doc. No. 1] at 22.  Because the Court is granting relief on the basis of Petitioner's statutory claim, the Court finds that the proper remedy is a bond hearing.  *See*, *e.g.*, *Lopez,* 2026 WL 165490, at **7-8.

[4] Because the Court finds that habeas relief should be granted on Petitioner's statutory claim, the Court declines to address his remaining claims.

Briefing Developments In Support of the Pending Report & Recommendation and Request for Prompt Ruling [Doc. No. 30] are DENIED as moot.

A separate judgment shall be entered.

IT IS SO ORDERED this 3rd day of August, 2026.

_____

**SCOTT L. PALK**
**CHIEF UNITED STATES DISTRICT JUDGE**